UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

EDDIE FRANKLIN, JR

                    Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER
MELISSA BERKOWITZ and POLICE OFFICER
MOISES COLON,

                    Defendants.
-------------------------------------------------------------X

**AMENDED
COMPLAINT AND
JURY DEMAND**


**Index No.: 11 CV 5620
(NGG) (LB)**

## INTRODUCTORY STATEMENT

1.    The plaintiff, EDDIE FRANKLIN JR, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.    Defendants, CITY OF NEW YORK, POLICE OFFICER MELISSA BERKOWITZ and POLICE OFFICER MOISES COLON being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4.    The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5.      Prior to commencement of this action and within 90 days of occurrence herein, on February 17, 2011, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6.      This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

7.      Plaintiff is a resident of the County of KINGS, City and State of New York.

8.      Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

9.      Defendants POLICE OFFICER MELISSA BERKOWITZ and POLICE OFFICER MOISES COLON, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about December 28, 2010, employed by the City of New York.

10.     Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

11.     The plaintiff was arrested on December 28, 2010 at approximately 9:00 pm and charged with the robbery.

12.     The plaintiff's arrest was docketed under arrest number K10721995R.

13.     Subsequent to his arrest he was taken to the 84th police precinct located at 301 Gold Street, Brooklyn, NY 11201.

14.     When the plaintiff arrived at the precinct, he was handcuffed and thrown or dropped onto the ground by POLICE OFFICER MELISSA BERKOWITZ and POLICE OFFICER MOISES COLON.

15.     As a result of being thrown or dropped onto the ground while handcuffed, the plaintiff was caused to hit his face and jaw on the ground.

16.     The plaintiff was taken to Brooklyn Hospital located at 121 DeKalb Avenue, Brooklyn, NY 11201, where he was diagnosed as having a maxillary fracture.

17.     The plaintiff was admitted to Brooklyn Hospital on December 30, 2010 and remained there until January 12, 2011.

18.     The plaintiff underwent surgical intervention on January 10, 2011.

## AS AND FOR A FIRST CAUSE OF ACTION –
## VIOLATION OF CIVIL RIGHTS

19.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and

Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, and to be free from excessive force.

21.    As a result of the aforesaid violation of plaintiff's rights, sustained injuries and damages previously described in this complaint.

22.    As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION- ASSAULT AND BATTERY

23.    Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.    While the plaintiff was in the custody of the defendants, he was intentionally, wrongfully, willfully, maliciously, and with gross negligence, physically detained assaulted, beaten and battered by defendants and was caused to sustain severe and permanent injuries.

25.    That by reason of the foregoing, the plaintiff EDDIE FRANKLIN JR was caused to sustain serious injuries and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expense relative to his injuries.

## AS FOR A THIRD CAUSE OF ACTION- NEGLIGENCE

26.    Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.    The aforementioned occurrence took place due to the negligence of the defendants their agents, servants, or employees, acting within the scope of their authority, within the scope of their employment and in furtherance of their agency.

28.     The aforesaid occurrence and the results thereof were due to and caused by the negligence of the defendants and their agents, servants, or employees in negligently, carelessly, and recklessly causing, allowing and/or permitting the plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted and battered.

29.     No negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

30.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

WHEREFORE, plaintiff EDDIE FRANKLIN JR demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants in each of the two causes of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
        December 5, 2012

Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070